FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUN 2 4 2021

SEAN F. McAVOY, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

Joseph H. Harrington
Acting United States Attorney
Eastern District of Washington
Michael D. Murphy
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CRUZ JAMES SPENCER,<br><br>Defendant. | 1:20-06044-SMJ<br><br>Plea Agreement |

Plaintiff United States of America, by and through Joseph H. Harrington, Acting United States Attorney for the Eastern District of Washington, and Michael D. Murphy, Assistant United States Attorney, for the Eastern District of Washington, and Defendant Cruz James Spencer (hereinafter "Defendant"), and the Defendant's counsel, Nicholas Marchi, Esq., agree to the following Plea Agreement:

1. <u>Guilty Plea and Maximum Statutory Penalties</u>: *Superseding Indictment* [initials]

The Defendant agrees to plead guilty to the ~~Information~~ charging the Defendant with one count of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).

The Defendant understands that the maximum statutory penalty for Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), is 10 years imprisonment; a fine of $250,000; or both; a term of supervised release of not more than 3 years; and a $100 special penalty assessment.

The Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2. <u>The Court is Not a Party to the Agreement:</u>

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

3. <u>Waiver of Constitutional Rights:</u>

The Defendant understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    a. The right to a jury trial;

    b. The right to see, hear and question the witnesses;

    c. The right to remain silent at trial;

    d. The right to testify at trial; and

    e. The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney.

4. <u>Elements of the Offenses:</u>

The United States and the Defendant agree that in order to convict the Defendant of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), 924(a)(2), as charged in the Information [*Superseding Indictment*], the United States must prove beyond a reasonable doubt the following elements:

First, on or about February 11, 2020, within the Eastern District of Washington, the Defendant knowingly possessed a firearm, to wit: a Springfield XD .40 caliber firearm, bearing serial number US357034;

Second, the firearm had been shipped or transported in interstate or foreign commerce; and

Third, at the time the defendant possessed the above firearm, the Defendant knew of his status as a person previously convicted of a crime punishable by imprisonment for a term exceeding one year.

5. Factual Basis and Statement of Facts:

On February 11, 2020, Kennewick Police Department officers and the United States Marshal's Pacific Northwest Violent Fugitive Task Force arrested Cruz James Spencer at 1204 W 42nd Avenue, Kennewick, WA, for outstanding felony warrants. Cruz James Spencer was searched incident to arrest and officers located a Springfield XD-40 Sub-Compact .40 caliber pistol, bearing serial number US357034A, in his waistband, which firearm was loaded with ten rounds of ammunition. The Springfield XD-40 Sub-Compact pistol was manufactured in Croatia and travelled in interstate and foreign commerce.

The Defendant's criminal history includes the prior felony convictions: Attempting to Elude Pursuing Police Vehicle in 16-1-01048-6 in Benton County Superior Court on November 16, 2016 and Assault in the Second Degree 10-1-0029-8 in Benton County Superior Court on November 9, 2010. By on or about November 10, 2010 the Defendant knew of his status as a person previously convicted of a crime punishable by imprisonment for a term exceeding one year.

This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

6. Waiver of Inadmissibility of Statements:

The Defendant agrees to waive the inadmissibility of statements made in the course of plea discussions with the United States, pursuant to Fed. R. Crim. P. 11(f). This waiver shall apply if the Defendant withdraws this guilty plea or breaches this Plea Agreement. The Defendant acknowledges that any statements made by the Defendant to law enforcement agents in the course of plea discussions in this case would be admissible against the Defendant in the United States' case-in-chief if the Defendant were to withdraw or breach this Plea Agreement.

7. <u>The United States Agrees Not to File Additional Charges:</u>

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

8. <u>United States Sentencing Guideline Calculations:</u>

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are advisory to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

    a. <u>Base Offense Level:</u>

The United States and the Defendant agree that the Base Offense Level is 20 pursuant to U.S.S.G. § 2K2.1(a)(6).

    b. <u>Specific Offense Characteristics:</u>

The United States and the Defendant have no agreement regarding which specific offense characteristics may apply.

9. <u>Acceptance of Responsibility:</u>

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit nor is found to have committed any obstructive conduct; and accepts this Plea Agreement, the United States recommend a two (2) level downward adjustment in the offense level. U.S.S.G. §3E1.1(a). The United States will recommend a third point pursuant to U.S.S.G. §3E1.1(b), if the adjusted offense level is sixteen (16), or greater. The Defendant and the United States agree that the United States may at its option, and upon written notice to the Defendant, not recommend the three

Plea Agreement                    5

(3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

10. Criminal History:

The United States and the Defendant understand that the Defendant's criminal history computation ultimately will be determined by the Court after review of the Presentence Investigation Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigation Report is completed.

11. Incarceration:

The United States agrees to recommend a sentence in the lower half of the applicable guideline sentencing range as found by the Court. Defendant may recommend any legal sentence.

12. Criminal Fine:

The United States and the Defendant recommend that there be no imposition of a criminal fine.

13. Supervised Release:

The United States and the Defendant agree to recommend that the Court impose a three (3)-year term of supervised release.

14. Mandatory Special Penalty Assessment:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

15. Payments While Incarcerated:

If the Defendant lacks the financial resources to pay the monetary

obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

16. <u>Additional Violations of Law Can Void Plea Agreement:</u>

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

17. <u>Criminal Forfeiture:</u>

Defendant acknowledges that the firearm covered by this agreement would be subject to forfeiture as property facilitating or involved in illegal conduct in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), Felon in Possession of a Firearm, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

The Defendant agrees to hold all law enforcement and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of any asset(s) covered by this agreement. Defendant consents to the forfeiture and disposal of assets without further notice.

The Defendant further agrees to waive all constitutional, equitable and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the asset(s). Defendant waives oral pronouncement of

forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

18. <u>Effect on Immigration Status:</u>

The Defendant, recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Indeed, due to the charge to which Defendant is pleading guilty, removal is presumptively mandatory for non-citizens. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that while deportation and/or removal appears to be a virtual certainty if he is a non-citizen, no one, including his attorney or the Court, can predict with absolute certainty the effect of his conviction on his immigration status, if any. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if automatic removal from the United States is a virtual certainty if he is a non-citizen.

19. <u>Appeal Rights</u>

The Defendant expressly waives his right to appeal any aspect of his conviction and sentence imposed by the Court. Furthermore, the Defendant expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

The Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging the conviction

or sentence in this case, except for ineffective assistance of counsel as noted above. If the Defendant files a notice of appeal, a habeas petition, or other collateral attack, notwithstanding this agreement, the Defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether Defendant is in breach of this agreement and, if so, to permit the government to withdraw from the Plea Agreement.

20. Integration Clause:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Joseph H. Harrington
Acting United States Attorney

_____          6/24/202
Michael D. Murphy                               Date
Assistant United States Attorney

Plea Agreement                 9

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

X _____  6/24/21
Cruz James Spencer                  Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____  6/24/21
Nicholas Marchi                     Date
Attorney for the Defendant